IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARCUS ONEIL LAQUIENT OWENS,

                                                                              PLAINTIFF

v.                                   Civil No. 4:22-CV-04069-SOH-BAB

SHERIFF JACKIE RUNION, Miller County, Arkansas;
SMART COMMUNICATIONS/SMART JAIL MAIL,

                                                                              DEFANDANTS.

## ORDER

Plaintiff Marcus Owens filed the above-captioned civil rights action under 42 U.S.C. § 1983 on August 2, 2022. (ECF No. 1). Defendant Sheriff Jackie Runion has filed an Answer to the Complaint. *See* (ECF No. 9). Defendant Smart Communications/Smart Jail Mail was served with the Complaint on September 13, 2022, *see* (ECF No. 17), and has not yet filed an Answer.

Plaintiff filed a Motion for a Subpoena/Request for Documents on September 13, 2022. *See* (ECF No. 15). This Motion was denied. (ECF No. 16). This matter comes again before the Court on Plaintiff's second Motion for Subpoena/Request for Documents. (ECF No. 18). Even though Defendants have not responded, this Court has determined no response is necessary to rule on the motion because nothing substantive has changed since Plaintiff filed his first Motion for Subpoena/Request for Documents.

Plaintiff's second Subpoena/Request for Documents is substantially the same as his first. Specifically, the Subpoena/Request for Documents requests the following:

1. Grievance reference #12,220,320, dated July 6, 2022—July 7, 2022, from Smart Jail/Mail/Smart Communications Holding.

2. Phone Information Sheet, Complete Transaction History from Smart Communications Holding, Inc.

1

3. Grievance reference #12,569,912, dated August 10, 2022—August 11, 2022, response by Sgt. Gutherie

4. Grievance reference #12,460,145, dated July 30, 2022—August 2, 2022, response by Cpl. N. Frazier.

5. Grievance reference #12,571,218, dated August 10, 2022—August 15, 2022, response by G. Adams.

6. Grievance reference #2,407,669, dated December 14, 2017—December 14, 2017, response by Kitchen.

7. Grievance reference #12,404,621, dated July 25, 2022—July 26, 2022, response by Medical.

8. Grievance reference #3,489,923, dated October 11, 2018, response by Admin G. officer.

9. Grievance reference #3,573,287,[1] dated November 1, 2018—November 5, 2018, response by Cpl. H. Richardson.

10. Grievance reference #3,582,033, dated November 4, 2018—December 11, 2018, response by Mrs. L. Lorance.

11. Grievance reference #3,993,741, dated February 16, 2019—February 19, 2019, response by Sgt. T. Hanning.

(ECF No. 18).

In denying Plaintiff's first Motion for Subpoena/Request for Documents, *see* ECF No. 15, the Court cautioned Plaintiff that even though he was proceeding *pro se*, he would nevertheless be expected to comply with the Federal Rules of Civil Procedure and the Rules of this Court, including the rules regarding pre-trial discovery. (ECF No. 16). Despite this caution, however, Plaintiff's second Motion for Subpoena/Request for Documents fails to address whether he first attempted to resolve his discovery demands with the Defendants before requesting court

---

[1] Plaintiff's handwriting makes it difficult to discern whether he is requesting grievance reference number #3,573,287 or #3,573,289 or some other number.

involvement as required under Local Rule 7.2(g).[2]  Further, this Court's order explained it would

consider future requests *if* Plaintiff could demonstrate that the document requests are relevant to

the claims in Complaint. *Id.* Yet, again, despite this warning, Plaintiff filed a second subpoena

request outlining substantially the same document requests—including a request for documents

from 2017 and 2018—without explaining how these documents would be relevant to the claims in

the Complaint.  Plaintiff is reminded that he is required to comply with all discovery rules and the

Local Rules, which includes first requesting discovery directly from the Defendants' lawyers

before involving the court in discovery matters.

Accordingly, Plaintiff's Motion for Subpoena (ECF No. 18) is **DENIED.**  Plaintiff is

directed that all future motions concerning discovery requests must include an explanation

detailing (1) the efforts he made to first resolve his discovery requests directly with the Defendants;

and (2) the reasons why his outstanding discovery requests are relevant to the claims in the

Complaint.

**IT IS SO ORDERED THIS 11th day of October 2022.**


/s/ Barry A. Bryant
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2]  Plaintiff is warned that failure to comply with Local Rule 7.2 may result in Plaintiff's motions being summarily dismissed. Repeated failure to comply with this rule, moreover, will be considered an adequate basis for the imposition of sanctions. *See* Local Rule 7.2(g).