IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARCUS ONEIL LAQUIENT OWENS,

                                                                           PLAINTIFF

v.                      Civil No. 4:22-CV-04069-SOH-BAB

SHERIFF JACKIE RUNION, Miller County, Arkansas;
SMART COMMUNICATIONS/SMART JAIL MAIL,

                                                                        DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This civil rights action comes now before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 19), and Defendant Smart Communications/Smart Jail Mail's Motion for Extension of Time to File Answer, (ECF No. 22). Defendant Jackie Runion has filed a Response in Opposition to the Motion for Summary Judgment. (ECF No. 20). Having reviewed the entire file, and for all the reasons outlined below, this Court finds that this matter is ripe for consideration and recommends that this matter be dismissed for failure to state a claim as a matter of law. Fed. R. Civ. P. 12(b)(6). Accordingly, this Court further recommends that Plaintiff's Summary Judgment Motion, (ECF No. 19), and Defendant Smart Communications/Smart Jail Mail's Motion for Extension of Time to File Answer, (ECF No. 22), be denied as moot.

### I.    BACKGROUND

Plaintiff Marcus Owens filed this civil rights action under 42 U.S.C. § 1983, generally alleging that his social security number was disclosed at the Miller County Detention Center (MCDC) in violation of his constitutional rights. (ECF No. 1). Defendants Runion and Smart Communications/Smart Jail Mail were served on August 24, 2022, (ECF No. 13), and September 13, 2022, (ECF No. 17), respectively. Defendant Runion filed an Answer on August 26, 2022,

(ECF No. 9), and Defendant Smart Communications/Smart Jail Mail filed a motion requesting an extension of time to file an Answer on October 11, 2022, (ECF No. 22).

That motion is presently before the Court along with Plaintiff's Summary Judgment Motion, (ECF No. 19), in which Plaintiff claims that the Defendants' failure to secure his un-redacted social security number has caused him injury, damaging his "well-being, [his] future, [his] financial status, [his] records, [his] convictions, as well as [his] identity at large." (*Id.* at 1). In support of his Motion for Summary Judgment, Plaintiff attaches copies of grievance requests showing that his un-redacted social security number was exposed to Cpl. K. Gailes on July 9, 2022, Nurse Lisa on July 29, 2022, Cpl. N. Frazier on July 16, 2022, and Sgt. J. Guthrie on July 15, 2022. (ECF No. 19, Exhibits B–E). Plaintiff maintains that there was no need to display his full, unredacted social security number on these grievances because he could have been identified using his jail identification number.

Plaintiff further contends that he exhausted the detention center grievance procedure on this issue. *Id.* Plaintiff claims that Defendant sent him copies of all the grievances except grievance reference # 12,220,320, dated July 6, 2022, which is the grievance wherein he allegedly requested that his social security number be removed.[1] Plaintiff claims that this grievance is missing, and that Defendant also failed to send him a copy of "Important Phone Information Sheet," which allegedly displays his un-redacted social security number, as well. *Id.* Plaintiff claims that Defendant is tampering with evidence. Finally, Plaintiff claims that neither Defendant complied with this Court's order establishing a deadline to file an Answer to the Complaint.

---

[1] Plaintiff does not specify the Defendant to which he is referring, but this Court assumes he means Defendant Runion because Defendant Runion previously filed a Notice of Discovery Compliance with the Court. (ECF No. 12). Further, there is no indication in the Court record that there has been any discovery exchanged between Plaintiff and Defendant Smart Communications/Smart Jail Mail.

In response to Plaintiff's Summary Judgment Motion, Defendant Runion argues that even if there is no dispute as to any material fact, Plaintiff has failed to state a legal claim. (ECF No. 20). Citing *Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) and *Spurlock v. Ashley County*, 281 F. App'x 628, 629 (8th Cir. 2008), Defendant Runion contends that the "Eighth Circuit does not recognize a substantive due process right to informational privacy in the United States Constitution," and as such, Plaintiff's claim that defendants violated his constitutional rights by disclosing his social security number fails as a matter of law. (*Id.*). Defendant Runion further disputes Plaintiff's characterization that the Answer was untimely. (*Id.*).

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that the "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Pursuant to Rule 12(b)(6), moreover, a court may dismiss a complaint on its own initiative for failure to state a claim. *See Buckley v. Ray*, 848 F.3d 855, 867 n.9 (8th Cir. 2017); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Mildfelt v. Circuit Court*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam); *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982). Dismissal is appropriate where a "plaintiff cannot possibly prevail and amendment would be futile." *Bucklew v. Lombardi*, 783 F. 3d 1120, 1127 (8th Cir. 2015).

## III. LEGAL ANALYSIS

To establish a claim under 42 U.S.C. § 1983, the plaintiff must establish that (1) the Defendants acted under color of state law; and (2) that the alleged wrongful conduct deprived him of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th

Cir. 2009). Although *pro se* pleadings are to be liberally construed, they must nevertheless allege sufficient facts to support the claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff alleges that the disclosure of his unredacted social security number violates his Fourth Amendment right to be free from unreasonable searches and seizures and his Fifth Amendment right to due process of law and his right to "just compensation" for the taking of private property for public use ("Takings Clause"). (ECF No. 1). This claim fails as a matter of law.

The gravamen of Plaintiff's complaint is that the Defendants unlawfully disclosed his unredacted social security number in violation of his constitutional rights. The "Supreme Court has recognized that notions of substantive due process contained within the Fourteenth Amendment safeguard individuals from unwarranted governmental intrusions into their personal lives." *Eagle v. Morgan*, 88 F.3 620, 625 (8th Cir. 1996). Accordingly, recognizing that *pro se* complaints are to be liberally construed, this Court analyzes Plaintiff's claim under his right to privacy under the Fourteenth Amendment.

For the government's disclosure of personal information to violate this constitutional right to privacy, "the information disclosed must be either a shocking degradation or an egregious humiliation . . . or a flagrant breach of a pledge of confidentiality that was instrumental in obtaining the personal information." *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011) (internal quotations omitted). "To determine whether a particular disclosure satisfies this exacting standard, [courts] must examine the nature of the material . . . to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." *Id.* (quoting *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996)).

As applied to social security numbers, the Eighth Circuit has held that the disclosure of one's social security number does not rise to the level of a constitutional violation. *See Spurlock v. Ashley County*, 281 F. App'x 628, 629 (8th Cir. 2008). In *Spurlock*, when the plaintiff was booked into jail for various offenses, an intake sheet was filled out, which included his social security number. *Spurlock v. Ashley County*, No. 05-CV-1048, 2007 WL 858624, * 1 (W.D. Ark. Mar. 20, 2007). This intake sheet was subsequently disseminated to others, and plaintiff sued under 42 U.S.C. § §1983 1985, 1988, alleging, among other things, violations of his constitutional rights under the Fifth, Ninth, and Fourteenth Amendments. *Id.* The district court concluded that plaintiff did not have a constitutional right to privacy in his social security number, *id.* at *3, and the Eighth Circuit Court of Appeals agreed. *Spurlock*, 281 F. App'x at 629. Not only is *Spurlock* binding precedent, the allegations here square with those in *Spurlock*. Thus, Defendants' disclosure of Plaintiff's social security number did not violate his constitutional right to privacy under the Fourteenth Amendment.

Plaintiff's claim that the disclosure violated his Fourth Amendment right to be free from unreasonable searches and seizures is unavailing. "To invoke the protection of the Fourth Amendment, one must establish a legitimate expectation of privacy in the invaded place." *United States v. Hill*, 393 F.3d 839, 841 (8th Cir. 2005). Plaintiff, however, does not allege that the Defendants *obtained* his social security number through some purportedly unlawful search. Rather, Plaintiff's claim concerns the disclosure of his social security number, which, as noted elsewhere, does not amount to a constitutional violation. Accordingly, Plaintiff has failed to plead a Fourth Amendment violation as a matter of law.

Finally, Plaintiff's allegation that the disclosure violates his rights under the Fifth Amendment likewise fails. Plaintiff specifically cites to the Fifth Amendment Takings Clause,

which applies to the state through the Fourteenth Amendment, and provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. "The Takings Clause protects property owners from both physical and regulatory takings—the direct appropriation of property—by governmental actors and imposition of restrictions on the use of property that went too far." *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 732 (8th Cir. 2022). The predicate to the Takings Clause, therefore, is a property interest. Plaintiff, however, presents no colorable argument that he has a property interest in his social security number.

Plaintiff's reliance on the Fifth Amendment's Due Process Clause is similarly misplaced. Again, the Fifth Amendment's Due Process Clause applies to the states through the Fourteenth Amendment, *Barnes v. City of Omaha*, 574 F.3d 1003, 1005 n.2 (8th Cir. 2009), and provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Here, there is no argument that Plaintiff has been deprived of "life" or "liberty," leaving deprivation of "property" as the remaining avenue through which Plaintiff could claim a constitutional violation. But, again, Plaintiff fails to establish any colorable argument that he has a property interest in his social security number. Accordingly, Plaintiff has failed to establish a cognizable claim that the disclosure of his social security number violates his Fifth Amendment rights.

### IV. CONCLUSION

In sum, for all the reasons described above, this Court recommends that: Plaintiff's Complaint be **DISMISSED** without prejudice for failure to state a claim pursuant to Rule 12(b)(6). Accordingly, this Court further recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 19) be **DENIED as MOOT**, and Defendant Smart Communications/Smart Jail Mail's Motion for an Extension of Time, (ECF No. 22), be **DENIED as MOOT**.

Finally, Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 19th day of October 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE